```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


JOHN H. RIVERA, Individually and as
CEO of U.S. Sustainable Energy
Corporation, a Nevada Corporation                      PLAINTIFF

VS.                          CIVIL ACTION NO. 5:07-cv-213(DCB)(JMR)

ORIGINALLY NEW YORK, INC. n/k/a
GREENBELT RESOURCES CORPORATION,
a/k/a United Ethanol Group, a/k/a
sometimes Diversified Ethanol, a
division of Originally New York,
Inc.; TAYLOR F. MOFFITT, CEO of
Originally New York, Inc.; and
VENT LEWIS, Director of Originally
New York, Inc.                                         DEFENDANTS
```

<u>ORDER</u>

This cause is before the Court on the defendants' motion to dismiss **(docket entry 2)** or, in the alternative, to transfer venue **(docket entry 4)**. Having carefully considered the defendants' motion, to which no response has been filed by the plaintiff, and the defendants' memorandum, as well as the applicable law, and being fully advised in the premises, the Court finds as follows:

On September 27, 2007, defendant Greenbelt Resources Corporation ("Greenbelt") filed a civil action in the United States District Court for the District of Minnesota against John H. Rivera, U.S. Sustainable Energy Corporation, and Redwood Consultants, LLC. On October 17, 2007, Rivera filed the present action in the Circuit Court of Adams County, Mississippi. On November 27, 2007 the defendants removed the state court action to

this Court. The defendants now seek dismissal for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) or, in the alternative, transfer to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a).

In its complaint filed in federal court in Minnesota, defendant Greenbelt alleges claims against Rivera for conversion of property, unjust enrichment, intentional misrepresentation, civil conspiracy, violation of 18 U.S.C. § 1962(c)(Racketeer Influenced and Corrupt Organizations Act)("Civil RICO"), and Civil Rico Conspiracy. Complaint, <u>Greenbelt v. Redwood, et al.</u>, 0:07-cv-4103(DWF)(SRN), ¶ 1. It is undisputed that Rivera's suit against Greenbelt, et al., filed in the Circuit Court of Adams County, Mississippi, arises out of the same transactions and occurrences as the federal suit in Minnesota. <u>See</u> Complaint, <u>Rivera v. Greenbelt, et al.</u>, Circuit Court of Adams County, 07-KV-0147-J. In his complaint, Rivera asserts claims against Greenbelt, et al. for "false representations, filing a frivolous lawsuit in the improper venue, [and] publishing a false and misleading business wire." <u>Id</u>. ¶ 12.

The defendants seek dismissal of this action, or transfer to the District of Minnesota, on the basis that the Minnesota action was filed first. The "first to file" rule usually applies when opposing parties have filed separate lawsuits concerning the same core facts in two federal courts. The rule, grounded on principles

of comity and sound judicial administration, has as its goal the elimination of wasteful duplicative litigation, avoidance of rulings that may trench upon a sister court's authority, and avoidance of piecemeal resolution of issues calling for a uniform result. Save Power Ltd. v. Synteck Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997). "The issues [in the two suits] do not have to be identical to be duplicative. A substantial overlap of the content of each suit is sufficient." Fat Possum Records Ltd. v. Capricorn Records, Inc., 909 F.Supp. 442, 445 (N.D. Miss. 1995)(citing Mann Mfg. v. Hortex, Inc., 439 F.2d 403, 407-08 (5th Cir. 1971)).

Because there is substantial overlap between this action and the first-filed action in Minnesota, the Court finds that the "first to file" rule is applicable. The Court does not have enough information before it, however, to decide whether dismissal without prejudice or transfer of venue is appropriate. The parties shall therefore be allowed additional time to brief the issue. Both sides shall brief whether dismissal is proper, and, in the alternative, they shall address all the factors relevant to a transfer of venue analysis.

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The statute calls for a two-part inquiry, (1) "whether the action sought to be

transferred is one that 'might have been brought' in the district court where the movant seeks to have the case litigated, i.e., the 'transferee' court.  If so, (2) whether, considering the 'convenience of parties and witnesses' and 'the interest of justice' a transfer to the proposed district is appropriate." Hernandez v. Graebel Van Lines, 761 F.Supp. 983 (E.D. N.Y. 1991).

The second requirement involves weighing factors which fall into two groups: (1) those relating to the convenience of the litigants; and (2) those relating to the public interest in the fair and efficient administration of justice.  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); Walter Fuller Aircraft Sales v. The Rep. of the Philippines, 965 F.2d 1375, 1389 (5th Cir. 1992).

The convenience factors break down into the following: (1) plaintiff's choice of forum; (2) the ease of access to sources of proof; (3) the location of key witnesses in a forum; (4) the availability of compulsory process for the attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; (5) the distance witnesses and parties would have to travel; (6) the possibility of a view of the premises, if view would be appropriate to the action; (7) the place of the alleged wrong; (8) the possibility of delay and prejudice if transfer is granted; (9) other trial expenses; and (10) all other practical matters that would tend to make the trial easy, expeditious and inexpensive.

Gulf Oil, 330 U.S. at 508; Walter, 965 F.2d at 1389.

The public interest factors consist of: (1) the relative backlog and other administrative difficulties in the two jurisdictions; (2) the fairness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute; (3) the local interest in adjudicating local disputes; (4) the appropriateness of having the jurisdiction whose law will govern adjudicate the dispute in order to avoid difficult problems in conflicts of laws.  Id.  The party seeking transfer bears the burden of establishing that transfer to another district would best serve the interests of justice.  Embree v. Cutter Biologics, 760 F. Supp. 103, 105 (N.D. Miss. 1991).  Accordingly,

IT IS HEREBY ORDERED that the defendant shall have five (5) days from the date of entry of this Order to file a brief addressing the issues of dismissal and transfer of venue.  The plaintiff shall have five (5) days from the date the defendant's brief is filed to file a responsive brief.  The defendant shall have three (3) days to file any rebuttal.

SO ORDERED, this the  19th  day of February, 2008.


    s/ David Bramlette
UNITED STATES DISTRICT JUDGE