```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


JOHN H. RIVERA, Individually and as
CEO of U.S. Sustainable Energy
Corporation, a Nevada Corporation                       PLAINTIFF

VS.                         CIVIL ACTION NO. 5:07-cv-213(DCB)(JMR)

ORIGINALLY NEW YORK, INC. n/k/a
GREENBELT RESOURCES CORPORATION,
a/k/a United Ethanol Group, a/k/a
sometimes Diversified Ethanol, a
division of Originally New York,
Inc.; TAYLOR F. MOFFITT, CEO of
Originally New York, Inc.; and
VENT LEWIS, Director of Originally
New York, Inc.                                         DEFENDANTS
```

<u>ORDER</u>

This cause is before the Court on the defendants' motion to dismiss **(docket entry 2)** or, in the alternative, to transfer venue **(docket entry 4).** Having carefully considered the motion and response, the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

On February 19, 2008, the Court entered an Order requiring additional briefing on the issue of whether to dismiss this case, based on the "first to file" rule, or to transfer it to the United States District Court for the District of Minnesota. The Minnesota action was filed on September 27, 2007, by Greenbelt Resources Corporation ("Greenbelt") against John H. Rivera ("Rivera"), U.S. Sustainable Energy Corporation ("USSEC"), and Redwood Consultants, LLC ("Redwood"). The present action was filed by Rivera on October

17, 2007, in the Circuit Court of Adams County, Mississippi, and removed to this Court by the defendants on November 27, 2007.

On May 28, 2008, the Minnesota district court dismissed Greenbelt's action without prejudice, finding that the court lacked specific personal jurisdiction over Redwood, USSEC and Rivera. Greenbelt v. Redwood, et al., 0:07cv4103 (D. Minn.), Order of May 28, 2008.  Since the defendants' motion in the present action is based solely on the "first to file" rule, it is now moot.  See Walden v. Washington Square Securities, Inc., 2004 WL 758272 (W.D. Pa. March 31, 2004)("In this case, because the court in the Minnesota Action decided that it did not have personal jurisdiction over plaintiffs, defendant's argument that the same complaint has already been filed and is pending in another jurisdiction is no longer true.").  The defendants' motions shall therefore be denied as moot.  Accordingly,

IT IS HEREBY ORDERED that the defendants' motion to dismiss **(docket entry 2)** or, in the alternative, to transfer venue **(docket entry 4)** is DENIED AS MOOT.

SO ORDERED, this the 30th day of May, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE